## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ERIC STAMPLEY,                                )  FILED: MAY 15, 2008
individually and on behalf of the class       )  08CV2811      PH
defined herein,                               )  JUDGE CASTILLO
                                              )  MAGISTRATE JUDGE SCHENKIER
          Plaintiff,         )
                                              )
    vs.                              )
                                              )
LVNV FUNDING, LLC;                            )
ALEGIS GROUP LLC; and                         )
RESURGENT CAPITAL SERVICES LP,                )
                                              )
        Defendants.            )

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

2.     There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

3.     In Wood v. M&J Recovery LLC, CV 05-5564, 2007 U.S. Dist. LEXIS

24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

4.    In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.</u>, IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

5.    Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts. <u>In re Foreclosure Cases</u>, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); <u>In re Foreclosure Cases</u>, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); <u>In re Foreclosure Cases</u>, 521 F. Supp. 2d 650 (S.D. Ohio 2007); <u>In re Foreclosure Cases</u>, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); <u>NovaStar Mortgage, Inc. v. Riley</u>, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); <u>NovaStar Mortgage, Inc. v. Grooms</u>, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); <u>HSBC Bank USA v. Rayford</u>, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio, Nov. 21, 2007); <u>Everhome Mtge. Co. v. Rowland</u>, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); <u>Deutsche Bank National Trust Co. v. Castellanos</u>, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); <u>HSBC Bank USA, N.A. v. Valentin</u>, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); <u>HSBC</u>

<u>Bank USA, N.A. v. Cherry</u>, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y.

Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); <u>Deutsche Bank</u>

<u>National Trust Co. v. Castellanos</u>, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup.

Ct. 2007).

      6.     An article that appeared in the trade press shortly before the extension of

the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up
> accounts to collect on. Too small to buy portfolios directly from major credit
> issuers, they look to the secondary market where portfolios are resold in smaller
> chunks that they can handle.

> But what they sometimes find in the secondary market are horror stories: The same
> portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put
> up for sale; half the accounts are out of statute; accounts are rife with erroneous
> information; access to documentation is limited or nonexistent....

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt</u>

<u>portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty</u>

<u>surprises</u>, Collections & Credit Risk, March 2007, pg. 24 Vol. 12 No. 3.

      7.     Debt buyer American Acceptance filed a lawsuit alleging that a broker of

charged-off debts sold it debts to which it did not have title. <u>American Acceptance Co. v.</u>

<u>Goldberg</u>, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the

same debt broker obtained information about consumer debts owned by Hudson & Keyse and

used the information to try to collect the debts for its own account, even though it didn't own

them. <u>Hudson & Keyse, LLC v. Goldberg & Associates, LLC</u>, 07-81047-civ (S.D. Fla., filed

Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by

Old National Bank (<u>Old National Bank v. Goldberg & Associates</u>, 9:08-cv-80078-DMM (S.D.

Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521

accounts totaling about $40 million face value which it did not own. <u>RMB Holdings, LLC v.</u>

<u>Goldberg & Associates, LLC</u>, 3:07-cv-00406 (E.D. Tenn., filed Oct. 29, 2007). Other debt

buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections &

3

Credit Risk, April 2008, p. 8.

       8.     In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name.  In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois.  The following is from a press release issued by the FTC in connection with that case:

> ... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.

> According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

       9.     In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies."  This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have an assignment that complied with ICAA §8b does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

       10.    Section 8b of the ICAA provides:

> **Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

>> **(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

>>> **(i) the effective date of the assignment; and**

4

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

11.    Furthermore, the assignment must be attached to the complaint. <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

12.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

13.    Defendant LVNV Funding, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims. Resurgent directs the filing of the lawsuits.

14.    In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, and ICAA §9.

<u>**VENUE AND JURISDICTION**</u>

15.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

16.    Venue and personal jurisdiction in this District are proper because:

a.    Defendants' collection communications and activities impacted

5

plaintiff within this District;

       b.     Defendants do business within this District.

**PARTIES**

17.    Plaintiff Eric Stampley is an individual who resides in the Northern District of Illinois.

**LVNV Funding, LLC**

18.    Defendant LVNV is a limited liability company organized under Delaware law that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

19.    Defendant LVNV is engaged in the business of purchasing charged-off debts and attempting to collect them.

20.    Defendant LVNV stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

21.    Defendant LVNV also states on its Web site that:

> All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account.

22.    Defendant LVNV pays an average of less than 10 cents on the dollar for the charged-off debts it purchases.

23.    Since January 1, 2008, LVNV has been the plaintiff in more than 1,000

6

collection lawsuits filed in Illinois courts.

24.     Defendant LVNV is a debt collector as defined in the FDCPA.

### Resurgent Capital Services LP

25.     Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.

26.     Defendant Resurgent operates a collection agency.

27.     Defendant Resurgent holds a collection agency license from the state of Illinois.

28.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

29.     Defendant Resurgent also is the plaintiff in lawsuits in the Illinois courts, mainly foreclosure lawsuits.

30.     Defendant Resurgent has taken title to real estate located in Illinois.

31.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group. On information and belief, based on published news reports, many of the personnel are the same for both entities.

32.     On information and belief, based on the Resurgent Web site, defendant Resurgent directed the collection activity complained of herein.

33.     Defendant Resurgent is a debt collector as defined in the FDCPA.

### Alegis Group LLC

34.     Defendant Alegis Group LLC is a limited liability company chartered under the law of Delaware with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

35.     Defendant Alegis Group LLC is the general partner of Resurgent.

36.     The acts of Resurgent are attributable to Alegis Group LLC.

7

## FACTS RELATING TO PLAINTIFF

37.     On or about February 4, 2008, LVNV Funding, LLC filed suit against plaintiff Eric Stampley in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. LVNV Funding, LLC claimed to have purchased the debt.

38.     The complaint did not attach any sort of assignment.

39.     On information and belief, defendant LVNV Funding, LLC did not have an assignment that complied with §8b of the Collection Agency Act.

40.     Defendant LVNV Funding, LLC therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

## FACTS – GENERAL

41.     Defendant LVNV Funding, LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

42.     Defendant Resurgent, as servicer, directs the filing of such lawsuits.

43.     Defendants know or should know that LVNV has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

44.     On information and belief, based on a computer search of court records, defendant LVNV is the plaintiff in over 1,000 such lawsuits.

## CLASS ALLEGATIONS

45.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom a collection lawsuit was filed in the name of defendant LVNV Funding, LLC (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

46.     The class is so numerous that joinder of all members is not practicable.

8

47.    On information and belief, there are at least 1,000 individuals against whom a collection lawsuit was filed in the name of defendant LVNV Funding, LLC in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

48.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.    Whether defendants engage in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

b.    Whether such lawsuits are therefore subject to a defense of which defendants know or should know about;

c.    Whether such practice is an unfair or deceptive;

d.    Whether defendants violate the ICAA.

49.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

50.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51.    A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible;

b.    Members of the class are likely to be unaware of their rights;

c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

52.    Plaintiff incorporates paragraphs 1-51.

53.    The filing and prosecution of collection lawsuits notwithstanding a known

defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

54.     Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

55.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

56.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Statutory damages;

(2)     Actual damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

57.     Plaintiff incorporates paragraphs 1-51.

58.     Defendants LVNV and Resurgent are each a "collection agency" as defined in the ICAA.

59.     Defendant Resurgent is a licensee under the ICAA.

60.     Section 425/3(d) of the ICAA, as amended effective January 1, 2008, brings debt buyers within its purview by providing that "[a] person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... [b]uys accounts, bills or other indebtedness and engages in collecting the same...." Previously coverage was limited to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same...."  By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as defendant LVNV who buy charged-off debts for their own account.

61.     Defendants violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

62.     Defendants violated the following provisions of 225 ILCS 425/9:

> **. . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.  . . .**

63.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

64.     Plaintiff and the members of the class were damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendants:

        a.      Compensatory, punitive and nominal damages;

        b.      Costs;

        c.      Such other and further relief as is appropriate.

11

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

65.    Plaintiff incorporates paragraphs 1-51.

66.    Defendants' conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

67.    Defendants engaged in such conduct in the course of trade and commerce.

68.    Defendants engaged in such conduct for the purpose of obtaining money from plaintiff and others.

69.    Plaintiff and the members of the class were damaged as a result.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Punitive damages;

c.    An injunction against further violations;

d.    Attorney's fees, litigation expenses and costs of suit;

e.    Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

12

**JURY DEMAND**

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)