IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC STAMPLEY, and )<br>PRATHANE L. MATMANIVONG )<br>individually and on behalf of the class )<br>defined herein, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LVNV FUNDING, LLC; )<br>ALEGIS GROUP LLC; and )<br>RESURGENT CAPITAL SERVICES LP, )<br>)<br>Defendants. ) | | Case No. 08 CV 2811<br>Judge Ruben Castillo<br>Magistrate Judge Schenkier |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing orders, the parties, represented by Cassandra P. Miller for Plaintiffs and Todd P. Stelter for Defendants, conferred and, in accordance with that meeting, hereby present the following initial status report.

**A.     Nature of the Case**

1.     **Bases for Federal Jurisdiction.**  Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and, therefore, this Court has subject matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367, and 15 U.S.C. §1692 *et seq.* (Fair Debt Collection Practices Act, "FDCPA").

2.     **Nature of Claims and Counterclaims.**  Plaintiffs allege that Defendants filed suit against them for an alleged debt to which Defendants did not have an assignment that complied with §8b of the Illinois Collection Agency Act ("ICAA").  Plaintiff contends that the filing of lawsuits without legally-sufficient title to the debts sued upon is a "false, deceptive, or

misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e), a "false representation of ... (A) the character, amount, or legal status of any debt" (15 U.S.C. §1692e(2)), a "threat to take any action that cannot legally be taken" (15 U.S.C. §1692e(5)), and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (15 U.S.C. §1692e(10)), as well as an unfair practice, in violation of 15 U.S.C. §1692f.  Plaintiff further contends that Defendants violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein and "[a]ttempt[ed] or threaten[ed] to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...." 225 ILCS 425/9.  Finally, Plaintiffs contend that the same conduct constitutes an unfair practice within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

        Defendants deny liability for the alleged violations.

3.    **Relief Sought by Plaintiffs.**  Plaintiffs seek statutory damages for themselves, 1% of Defendants' net worth (maximum of $500,000) for the putative class under the FDCPA; nominal, compensatory (including but not limited to filing fees paid by class members and any amounts paid by class members), punitive damages under the ICAA; actual and punitive damages, and injunctive relief under the ICFA; and attorney's fees.

4.    **Names of Parties Not Served.**  All parties have been served.

5.    **Principal Legal Issues.**

    a.    Whether Defendants engage in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

    b.    Whether such lawsuits are therefore subject to a defense of which Defendants know or should know about;

      c.      Whether such practice is unfair or deceptive;

      d.      Whether Defendants' failure to attach an assigment to its state court complaints violates the FDCPA, ICAA, and ICFA;

      e.      Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23; and

      f.      Whether any violations of the FDCPA that may have occurred are excused by the "bona fide error" defense.

6. **Principal Factual Issues.**

      a.      Steps or procedures Defendants implemented to avoid violations of the FDCPA;

      b.      The number of putative class members as defined by the class definition in the Complaint;

      c.      The net worth of Defendants;

      d.      Facts relating to whether Plaintiffs are proper class representatives; and

      e.      Facts relating to whether a class action is a superior method of resolving this dispute.

7. **List of Pending Motions:** Currently pending is Plaintiffs' Motion for Class Certification and Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or Stay Pursuant to Colorado River Doctrine.

      a.      <u>Plaintiffs' Motion for Class Certification</u>:  Plaintiffs proposed entering into a stipulation whereby Defendants would agree not to issue an offer of judgment, or otherwise tender relief to Plaintiffs, in an attempt to moot the Plaintiffs' claim, and Plaintiffs would in turn withdraw the Motion without prejudice and file it at a later time.  The parties are continuing to discuss the possibility of entering into a stipulation and will have a definitive decision by the July 22, 2008 status conference.  Should the parties be unable to enter into a

stipulation, the parties propose the following briefing schedule for Plaintiffs' Motion for Class Certification:  Defendants to file their response no later than November 20, 2008; Plaintiffs to reply no later than December 11, 2008.

        b.        <u>Defendants' Motion to Dismiss and Stay</u>: The parties propose the following briefing schedule for Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or Stay Pursuant to Colorado River Doctrine:  Plaintiffs to file their response no later than July 22, 2008; Defendants to reply no later than July 29, 2008.

    8.    **Citation to *key* authorities.**

        a.    Illinois Collection Agency Act §8b, 225 ILCS 425/8b

        b.    Illinois Collection Agency Act §3(d), 225 ILCS 425/3

        c.    <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996);

        d.    <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987);

        e.    <u>Sherman v.Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979);

        f.    <u>Business Service Bureau, Inc. v. Webster</u>, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

**B.**    <u>**Outline of Scheduling Order.**</u>

    1.    **Rule 26(a)(1) Disclosures:** Within 14 days of the filing of Defendants' Answer to Plaintiffs' First Amended Complaint.

    2.    **Fact Discovery Completion:** March 25, 2009.

    3.    **Expert Discovery Completion:** June 25, 2009.

    4.    **Filing Dispositive Motions:** April 15, 2009.

5. **Filing of a Final Pretrial Order:** September 15, 2009.

6. **Estimation of When the Case Will Be Ready for Trial:** October 15, 2009.

7. **Probable Length of Trial.**  Three days.

8. **Whether a Request Has Been Made for a Jury Trial.**  Yes.

9. **Whether There Have Been Settlement Discussions.**  Not as yet.  Upon receipt of the number of putative class members, Plaintiffs are prepared to discuss settlement.

10. **Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| s/ Cassandra P. Miller | s/ Todd P. Stelter |
| Daniel A. Edelman | David M. Schultz |
| Cathleen M. Combs | Todd P. Stelter |
| James O. Latturner | HINSHAW & CULBERSTON, LLP |
| Cassandra P. Miller | 222 N. LaSalle, Suite 300 |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | CHICAGO, IL 60601 |
| 120 S. LaSalle St., Suite 1800 | (312) 704-3000 |
| Chicago, IL 60603 | (Attorneys for Defendants) |
| (312) 739-4200 | |
| (312) 419-0379 (FAX) | |
| (Attorneys for Plaintiffs) | |

**CERTIFICATE OF SERVICE**

   I, Cassandra P. Miller, hereby certify that on July 16, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

David M. Schultz
Todd P. Stelter
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081

James R. Bedell
Michael S. Poncin
John K. Rossman
Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

              s/ Cassandra P. Miller
              Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)