IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERCI STAMPLEY and PRATHANE L. MATMANIVONG, individually and on behalf of the class defined herein,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; ALEGIS GROUP LLC; and RESURGENT CAPITAL SERVICES LP,<br><br>Defendant. | Case No.: 08 CV 2811<br><br>Judge Castillo<br>Magistrate Judge Schenkier |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PURSUANT TO COLORADO RIVER DOCTRINE

Defendants, LVNV Funding, LLC ("LVNV"), Alegis Group LLC ("Alegis"), and Resurgent Capital Services LP ("Resurgent"), by and through their attorneys, David M. Schultz and Todd P. Stelter, for their reply in support of their motion to stay the case pursuant to *Colorado River Water Conservation District v United States*, 424 U.S. 800 (1976), state as follows:

### Plaintiffs' Response Brief Section I and its Appendix Exhibits are Non-Responsive

Plaintiffs' response brief Section I (and its Appendix Exhibits) does not directly respond to any of the arguments made in defendants' motion. Plaintiffs cite to several document exhibits outside of the pleadings in this case, none of which are appropriate to be cited in response to plaintiffs' motion. The Appendix Exhibits also are not relevant to any argument raised in defendants' motion.

### The State and Federal Actions are Parallel

Plaintiffs' main responsive argument begins on pages 6-7 of their response brief in Section III.A. There, plaintiffs argue that the state and federal actions at issue should not be considered

parallel because the "state court action will not resolve plaintiffs' federal claims." (Pltf.'s Resp. at 6-7.) This is incorrect.

As pointed out in defendants' motion, plaintiffs have already filed motions to dismiss the state court actions based on standing citing the application of the ICAA to LVNV after the ICAA's January 1, 2008, amendments. Likewise, LVNV is seeking judgment against plaintiffs, which would necessarily establish LVNV's standing per Illinois law and plaintiffs' liability to LVNV for their debts. LVNV (and Resurgent and Alegis) contend that the ICAA does not apply to LVNV (or Resurgent or Alegis) and the state court will necessarily decide that issue through motion practice or at trial. If the state court rules that the ICAA does not apply to LVNV, plaintiffs' derivate claims will all fail.

Plaintiffs' FDCPA claims will fail because plaintiffs' FDCPA claims essentially argue that defendants violated the FDCPA because they violated the ICAA in filing the state court lawsuits. Specifically, plaintiffs argue that the "filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense" violates the FDCPA. (Pltf.'s Resp. at 7.) The "known defense" plaintiffs are referring to is the alleged operation and application of the ICAA to LVNV and the state court collection lawsuit. Plaintiffs argue that LVNV being a plaintiff in the state court lawsuit violates the ICAA due to LVNV's alleged lack of standing per the ICAA. Plaintiffs also argue that LVNV did not have or otherwise attach an assignment document to the state court pleading filed by its counsel (in violation of the ICAA). Both arguments require application of the ICAA to LVNV.

Plaintiffs' argument that their FDCPA claims in this case are "wholly independent" of the ICAA claims does not make sense. Rather, the FDCPA claims are wholly and completely reliant upon a finding by some court, whether it be the state or federal court, that the ICAA applies to LVNV and that LVNV violated one of its sections. If there is no "known defense" due to

operation of the ICAA (because the ICAA is inapplicable to LVNV), then there are no valid FDCPA claims.

Plaintiffs' ICFA claims would also fail because they are likewise derivative of the ICAA claims. Plaintiffs argue that to make such an assertion "is an attempt to trivialize plaintiffs' claims." (Pltf.'s Resp. at 8.) However, again, the ICFA claims in reality are completely based upon plaintiffs' peculiar interpretation of the ICAA and plaintiffs' allegations that the filing of the state court pleadings was somehow improper per the ICAA. If the state court (or any court) rules that plaintiffs' interpretation is wrong, it will moot plaintiffs' FDCPA and ICFA claims which are based upon it. Likewise, if the state court enters judgment against plaintiffs in their state court cases, it will moot plaitniffs' FDCPA and ICFA claims also.

Plaintiffs attempt to argue that the addition of defendants Resurgent and Alegis to the federal case render it non-parallel. However, Resurgent and Alegis have no direct role in either case. Their liability, if any, is clearly derivative of LVNV's and is likewise derivative of a finding that the ICAA applies to LVNV. Plaintiffs also attempt to argue that because different sections of the ICAA are being implicated (§4 in the state court motions and §§8b and 9 in the federal court) that the cases are not parallel. This ignores the obvious fact that the relevant issue in both matters is whether the ICAA (as a whole) applies to LVNV due to operation of the January 1, 2008 amendments.

These cases (the state cases and this federal case) are precisely the situation the *Colorado River* doctrine intends to avoid – duplicative litigation between state and federal courts. It will be inconsistent if one court were to find that the ICAA applies to LVNV while the other court decided otherwise. When given a choice between the state court deciding that issue instead of this federal court, the law clearly favors the state court for all of the reasons stated in defendants' motion, including (i) the operative statute to be interpreted is an Illinois state statute rather than a federal statute; (ii) the state court lawsuits were filed first and thus the state court trial judge had jurisdiction

over the legal issues first; and (iii) the state court lawsuits will shortly resolve either pursuant to motion practice or trial. "Piecemeal litigation" is to be avoided and a stay order to allow the state court to decide plaintiffs' cases will prevent piecemeal litigation here.

### There is No Class Certified and If Plaintiffs Have no Valid Claims they Cannot Represent the Class

Plaintiffs next argue that because the state court claims are not class actions that they will not resolve the federal court case which contains class claims, currently only alleged on behalf of a putative class. (Pltf.'s Resp. at 8-9.) Plaintiffs ignore the fact that if the ICAA is held to not apply to LVNV in the state court case and judgment is entered against plaintiffs on their debt, they can no longer realistically serve as class representatives. Since there is no class certified in the federal case at this point, the obvious result of a state court judgment against plaintiffs would be that the federal case would be dismissed in its entirety, *with prejudice* as to plaintiffs and *without prejudice* as to the putative class members.

To proceed as plaintiffs argue, with all of the state court lawsuits (involving all the putative class members' pending cases) proceeding parallel and at the same time as this federal case, invites inconsistent judgments between the state and federal courts. It would be extremely impractical to proceed with the federal case and potentially proceed to certify a class where every class member has concurrent and parallel state litigation proceeding that ultimately affects their standing as a class member. If a stay is entered until the state court cases are resolved, it would not prejudice any of the parties and it will properly conserve judicial resources that would otherwise be wasted on piecemeal and parallel litigation. For these reasons, a stay is warranted.

6347863v1 59550

WHEREFORE, defendants respectfully request this Court enter an Order dismissing plaintiffs' first amended complaint or staying this matter pursuant to *Colorado River Water Conservation District v United States*, 424 U.S. 800 (1976),

Respectfully submitted,

By: s/Todd P. Stelter
One of the Attorneys for Defendants

David M. Schultz
Todd P. Stelter
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC STAMPLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COURT FILE NO. 08 CV 2811 |
| LVNV FUNDING, LLC, ALEGIS GROUP ) | |
| LLC; and RESURGENT CAPITAL SERVICES ) | Judge Castillo |
| LP, ) | |
| ) | Magistrate Judge Schenkier |
| Defendants. ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2008, I electronically filed **Reply in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or Stay Pursuant to Colorado River Doctrine** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Dan Edelman**
dedelman@edcombs.com

Respectfully submitted,

By: _____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6

6347863v1 59550