

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC STAMPLEY and PRATHANE L. MATMANIVONG, individually and on behalf of the class defined herein,<br><br>                      Plaintiffs,<br>v.<br><br>LVNV FUNDING, LLC., ALEGIS GROUP, LLC., and RESURGENT CAPITAL SERVICES, LP.,<br><br>                      Defendants. | No. 08 C 2811<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION & ORDER

Eric Stampley ("Stampley") and Prathane L. Matmanivong ("Matmanivong"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), bring this action against LVNV Funding, LLC ("LVNV"), Alegis Group, LLC ("Alegis"), and Resurgent Capital Services, LP ("Resurgent") (collectively "Defendants") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and related state law claims. (R. 24, Pl.'s Am. Compl.) Presently before the Court is Defendants' motion to dismiss or stay the case pursuant to the *Colorado River* doctrine pending the outcome of parallel state proceedings. (R. 26, Defs.' Mot. to Dismiss Pl.'s Am. Compl. or Stay Pursuant to *Colorado River* Doctrine ("Defs.' Mot.").) For the reasons stated below, the motion is granted.

## BACKGROUND

Defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them. (R. 24, Am. Compl. ¶¶ 19-37.) LVNV and Resurgent are under

1

common ownership and management, and Alegis is the general partner of Resurgent. (*Id.* ¶¶ 32, 36.) Stampley and Matmanivong are both Illinois residents. (*Id.* ¶¶ 17-18.) On or about February 4, 2008, LVNV filed suit against Stampley in the Circuit Court of Cook County, Illinois, to collect a debt he purportedly incurred for personal, family, or household purposes. (*Id.* ¶ 38.) On or about March 17, 2008, LVNV filed suit against Matmanivong in the Circuit Court of Kane County, Illinois, to collect a debt he purportedly incurred for personal, family, or household expenses. (*Id.* ¶ 42.) The case against Matmanivong was subsequently transferred to the Circuit Court of Cook County, and both cases are presently pending there before the same judge. (*See* R. 26, Defs.' Mot., Ex. C, D.) LVNV claims to have purchased the debts owed by Stampley and Matmanivong from the original creditors, but in neither case did LVNV attach to the complaint a copy of an assignment showing that it has legal title to the debts. (R. 24, Am. Compl. ¶¶ 38-46.)

In June 2008, Plaintiffs filed nearly identical motions to dismiss the state cases, asserting that LVNV lacks standing to sue them because it does not have a collection agency license and has otherwise failed to comply with the terms of the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.* (R. 26, Defs.' Mot., Ex. A, B.) The state court set briefing on the motions. (*Id.*, Ex. C, D.) The central issue to be decided in connection with the motions is whether LVNV is governed by the requirements of the ICAA, as LVNV's view is that it falls outside the scope of the ICAA. (R. 26, Defs.' Mot. at 1-2, 4.) As of the date of this opinion, the motions to dismiss remain pending.[1]

---

[1] According to the Cook County Circuit Court's electronic docket, the cases are set for status hearings on November 18, 2008. (*See* https:/w3.courtlink/lexisnexis/com/cookcounty.)

2

In May 2008, in the midst of these state court proceedings, Plaintiffs---through the same law firm that is defending them in the state cases---brought this action in federal court alleging violations of the FDCPA, along with violations of the ICAA and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2 *et seq.* (R. 1, Compl.) In June 2008, Plaintiffs filed an Amended Complaint raising three claims. (R. 24, Am. Compl.) All three of Plaintiffs' claims center on LVNV's alleged practice of filing lawsuits on debts it claims to have purchased without attaching proof that it has legal title to the debt in accordance with Section 8(b) of the ICAA. (*Id.* ¶ 47.) In Count I, Plaintiffs allege that Defendants violated the FDCPA by prosecuting collection actions despite a known defense; in Plaintiffs' view, Defendants have no valid claim to the debt without attaching proof that they hold legal title to the debt in accordance with the ICAA. (*Id.* ¶¶ 58-62.) In Count II, Plaintiffs allege that Defendants violated the ICAA by filing suit without attaching a copy of an assignment to the complaint as required by Section 8 of that Act. (*Id.* ¶¶ 63-70.) In Count III, Plaintiffs allege that Defendants violated the ICFA's prohibition on unfair and deceptive acts and practices by pursuing collection actions without attaching proof of a valid assignment. (*Id.* ¶¶ 71-75.)

Defendants move to dismiss or stay this federal case under the *Colorado River* doctrine until the state cases are resolved. (R. 26, Defs.' Mot.) Plaintiffs oppose the motion, arguing that neither a dismissal nor a stay is warranted under the circumstances of this case. (R. 30, Pls.' Resp. to Defs.' Mot. to Dismiss or Stay ("Pls.' Resp.").)

## ANALYSIS

Under the *Colorado River* doctrine, a federal court has discretion to dismiss or stay a suit over which it has jurisdiction when there is a parallel state case pending and a dismissal or stay

3

of the federal case would "promote wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). Because federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," there is a general presumption against abstaining under *Colorado River*, and only the "clearest of justifications" will warrant a dismissal or stay of the federal case. *AAR Int'l, Inc. v. Nimelias Enter., S.A.*, 250 F.3d 510, 517 (7th Cir. 2001). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," then the federal court should not abstain. *Id.* at 518.

Determining whether to abstain involves a two-part inquiry. First the Court must determine whether the state and federal cases are parallel. *AXA Corp.*, 347 F.3d at 278. If the cases are parallel, the Court must consider ten separate factors to determine whether abstention is appropriate. *Id.* The Court considers each part of the inquiry in turn.

I.  **Parallel Proceedings**

The first question is whether the state and federal cases are actually parallel. *AXA Corp.*, 347 F.3d at 278; *AAR Int'l*, 250 F.3d at 517. Suits are considered parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *AAR Int'l*, 250 F.3d at 517. Defendants argue that the state and federal cases are parallel because they involve the same parties and the same central issues. (R. 26, Defs.' Mot. at 1-2.) This Court agrees. The state cases involve the same parties---LVNV, Stampley, and Matmanivong---and a central issue in all of the cases is whether the ICAA applies to LVNV. Plaintiffs' claims in this case are based on a presumption that the provisions of the ICAA apply to LVNV, and this exact

4

issue is presently being decided by the state court. If the state court determines that LVNV is not covered by the provisions of the ICAA, then Plaintiffs' ICAA claim raised in this case necessarily fails. Further, because Plaintiffs' FDCPA and ICFA claims are also based on alleged violations of the ICAA, if the ICAA is not applicable to LVNV, these claims would fail as well. Conversely, if the state court reaches the opposite result, concluding that LVNV *is* governed by the requirements of the ICAA, then LVNV will not be able to raise the inapplicability of the ICAA as a defense in this case, as it clearly intends to do. (*See* R. 26, Defs.' Mot. at 1-2 ("The foremost reason plaintiffs' claims fail is because the ICAA does not apply to defendants . . . .").)

Plaintiffs argue that the cases are not parallel because the federal case names Alegis and Resurgent in addition to LVNV, and because the state cases do not raise FDCPA or ICFA claims. (R. 30, Pl.'s Resp. at 7.) Suits need not be "identical" to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that the cases are parallel. *AAR Int'l*, 250 F.3d at 518. "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." *Id.* As stated above, the threshold issue in this federal case is whether LVNV is governed by the terms of the ICAA, and Plaintiffs acknowledge as much in their opposition to the motion. (R. 30, Pl.'s Opp. at 8 (". . . it is true that plaintiffs' § 8b ICAA allegations are dependent upon the application of the January 1, 2008 amendment [of the ICAA] to LVNV . . . ."). This issue is presently being decided by the state court; the mere fact that the issue is being decided in a slightly different context is not determinative. *See, e.g., Day v. Union Mines, Inc.*, 862 F.2d 652, 656 (7th Cir. 1988) (state and federal cases parallel for purposes of *Colorado River* where both cases centered on proper

5

interpretation of parties' agreement even though state case did not allege breach of contract, since determining appropriate relief in state case would require interpretation of agreement). Moreover, Alegis and Resurgent are being sued in this case by virtue of their corporate relationship with LVNV, the plaintiff in the state collection actions; if LVNV is not liable for the alleged violations asserted in the complaint (which depend on the applicability of the ICAA), then Alegis and Resurgent would not be liable either. The Court therefore rejects Plaintiffs' argument.

Plaintiffs also argue that the cases are not parallel because the federal case is a putative class action. (R. 30, Pls.' Resp. at 8-9.) Although there are class allegations contained in the complaint, Plaintiffs recently withdrew their motion for class certification, and no class has yet been certified. (R. 32, 33.) If this case is dismissed because the state court rules that the ICAA does not apply to LVNV, the dismissal would have no *res judicata* effect on putative class members. *See generally* Fed. R. Civ. P. 23(c); *Hickerson v. Velsicol Chem. Corp.*, 121 F.R.D. 67, 68 (N.D. Ill. 1988). Conversely, if the state court rules in favor of Plaintiffs, this putative class action can proceed based on the determination that LVNV is bound by the requirements of the ICAA.[2] In short, the Court finds no basis to conclude that the state and federal cases are not

---

[2] The Court notes that our colleague Judge Kocoras recently granted a Rule 12(b)(6) motion to dismiss in a case involving a nearly identical FDCPA claim. *See Washington v. North Star Capital Acquisition, LLC*, No. 08-2823, 2008 WL 4280139 (N.D. Ill. Sept. 15, 2008). Like Plaintiffs here, the plaintiff in *Washington* alleged that defendants violated the FDCPA by filing suit in state court without attaching proof of an assignment to its complaint in accordance with Section 8(b) of the ICAA. *Id.* at *2. Judge Kocoras concluded that this claim failed in light of the Seventh Circuit's opinion in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), which held that an alleged violation of state pleading requirements cannot form the basis for a claim under the FDCPA. *See id.* The legal sufficiency of Plaintiffs' FDCPA claim is not a matter presently before this Court, as Defendants have not moved to dismiss under Rule 12(b)(6).

parallel simply because there are class allegations contained in the complaint.[3]

In conclusion, although the state and federal cases may not be identical, they involve the same parties and the same central issues, and the Court finds that they are parallel for purposes of *Colorado River*.

## II. *Colorado River* Factors

If the state and federal suits are parallel, the Court must weigh ten different factors in determining whether to abstain: (1) whether the state has assumed jurisdiction over property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *AXA Corp.*, 347 F.3d at 272. No single factor is determinative, and the weight given to any particular factor will vary depending on the circumstances of the case. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). The factors are not intended to be a "mechanical checklist," *LaDuke*, 879 F.2d at 1559, but instead are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460

---

[3] The sole case cited by Plaintiffs in support of their argument is distinguishable. (*See* R. 30, Pls.' Opp. at 9.) In that case, our colleague Judge Darrah concluded that the state and federal cases involved different subject matter and thus were not parallel; his conclusion did not hinge on the fact that the federal case was a putative class action. *See Chavez v. Bowman, Heintz, Boscia & Vician, et al.*, No. 07-670, 2007 U.S. Dist. LEXIS 61936, at *5-6 (N.D. Ill. Aug. 22, 2007).

U.S. at 21.

Here, Defendants argue that factors three, four, five, six, seven, eight and ten weigh in favor of abstention.[4] (R. 26, Defs.' Mot. at 5.) As for the third factor, the Court agrees that there is a substantial interest in avoiding piecemeal litigation in this case. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke*, 879 F.2d at 1560. Simultaneous litigation is "unseemly" and poses two potential problems: "First, a party may try to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first. Second, the possibility exists that one court, unaware that the other court has already ruled, will resolve an issue differently and create a conflict between the two forums." *Id.* As to the second problem, there is a particular risk of conflict with respect to interlocutory rulings that are not ordinarily entitled to preclusive effect. *Lumen Const., Inc., v. Brant Const., Inc.*, 780 F.2d 691, 694 n.2 (7th Cir. 1985).

The Court finds that both of these potential problems are present here. If this action is not stayed, both this Court and the state court will simultaneously be deciding whether LVNV is governed by the provisions of the ICAA. The parties could engage in gamesmanship in order to speed up or forestall a decision by the court whom they view as most favorable to their position.

---

[4] This Court agrees with Defendants that factors one, two, and nine are inapplicable. There is no "property" involved in this litigation, and the state and federal courts are both located in Chicago. *See Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1989) (inconvenience not a factor where "relevant courthouses are only a few blocks apart"). Further, there is no apparent basis for the state court collection actions to be removed to federal court. To the extent Defendants are arguing that the tenth factor weighs in favor of abstention, this Court disagrees, finding nothing in the record to suggest that this case is "vexatious" or "contrived." *See AXA Corp.*, 347 F.3d at 272.

8

Further, either court could issue an interlocutory ruling regarding the applicability of the ICAA, which would not be entitled to preclusive effect, thus leading to the unseemly situation of conflicting decisions by two different courts on the same issue. "The legitimacy of the court system in the eyes of the public and fairness to the individual litigants . . . are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." See Lumen, 780 F.2d at 694. For these reasons, the Court finds that the interest in avoiding piecemeal litigation weighs strongly in favor of abstention in this case.

The other factors cited by Defendants also weigh in favor of abstention. The state court actions were filed prior to this case, and the state court was thus first to obtain jurisdiction. The issue common to the state and federal cases---whether LVNV is governed by the provisions of the ICAA---is a matter of state law, and a state court's expertise in applying its own law favors abstention. Day, 862 F.2d at 660. Further, there is nothing to suggest that the state court cannot adequately protect Plaintiffs' right to litigate the issue of the ICAA's applicability, and indeed, Plaintiffs have the option of bringing an FDCPA claim in state court. See 15 U.S.C. § 1692k(d) ("An action to enforce liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . . .") Finally, the state cases have progressed further than this case. The issue of the ICAA's applicability has already been fully briefed in the state cases, whereas this case is only in the preliminary stages and Defendants have not yet answered or otherwise pled in response to the complaint. Indeed, the only matter of substance that has occurred in this case is the parties' briefing on this motion.

In summary, the Court finds that the relevant factors weigh in favor of abstaining until the state cases have been resolved, and the Seventh Circuit case law supports this determination. *See, e.g., LaDuke*, 879 F.2d at 1560-61 (district court did not abuse its discretion in abstaining under *Colorado River* where danger of piecemeal litigation was present and state court obtained jurisdiction first); *Rosser*, 864 F.2d at 1307-08 (affirming decision to abstain under *Colorado River* where danger of piecemeal litigation existed, issues to be determined arose under state law, and state case had progressed further than federal case); *Day*, 862 F.2d at 658-60 (affirming decision to abstain under *Colorado River* where danger of piecemeal litigation existed and state court had progressed further than federal case). Accordingly, this Court will abstain from conducting further proceedings in this case pending the resolution of the state cases.

### III. Stay or Dismissal

Having determined that abstention is appropriate, the only remaining question is whether this case should be stayed or dismissed. The Seventh Circuit has repeatedly reaffirmed that the appropriate procedure is to stay rather than dismiss the federal case when abstaining under the *Colorado River* doctrine.[5] *LaDuke*, 879 F.2d at 1561-62; *Rosser*, 864 F.2d at 1308; *Lumen*, 780 F.2d at 698. A stay has multiple advantages over a dismissal, including allowing the federal court to retain jurisdiction in the event the state case is not resolved on the merits; protecting the plaintiff from any statute of limitations problems; and allowing a judge already familiar with the case to determine the preclusive effect of a state-court decision should such a determination be necessary. *LaDuke*, 879 F.2d at 1562. In short, a stay "protects the rights of all the parties

---

[5] Defendants appear to concede that a stay rather than a dismissal is the proper procedure. Although Defendants seek dismissal of the case in their initial motion, in their reply they argue solely for a stay. (*See* R. 31, Defs.' Reply at 1-4.)

10

without imposing any additional costs or burdens on the district court." *Id.* Accordingly, this Court will stay rather than enter a dismissal of this action before the outcome of the state cases. However, during the stay this lawsuit will be administratively closed with full leave to reinstate upon the completion of the state cases.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint or Stay Pursuant to *Colorado River* Doctrine (R. 26) is granted, and this case is stayed pending further order of the Court. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The Clerk of the Court is directed to administratively close this action.

Entered: _____

Judge Ruben Castillo
United States District Court

Dated: October 29, 2008